IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                    No. 11-CR-107 WJ

ROBERT WALTER FORSTER,

    Defendant.

**MEMORANDUM OPINION AND ORDER GRANTING UNITED STATES' MOTION IN LIMINE TO ADMIT EVIDENCE PURSUANT TO RULE 404(b)**

    THIS MATTER comes before the Court on the United States' Motion in Limine to Admit Evidence Pursuant to Rule 404(b) (Doc. 20). This matter is set for trial on May 17, 2011. Defendant is charged with failing to register as a sex offender, in violation of 18 U.S.C. § 2250, in 2010. The United States wishes to admit evidence at trial that on December 8, 2003, Defendant was convicted of Failure to Notify Change of Address in Greene County, Ohio, case number 2003-CR-656.

    Rule 404(b) authorizes the admission of evidence of "other crimes" to show "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). Rule 404(b) evidence is proper if: (1) the evidence is admitted for a proper purpose, (2) the evidence is relevant, (3) the danger of unfair prejudice does not substantially outweigh the probative value of the evidence, and (4) upon the defendant's request, the trial court gives a proper limiting instruction. *Huddleston v. United States*, 485 U.S. 681, 691 (1988). Proper purposes of Rule 404(b) include a showing of knowledge, plan, and lack of

mistake or accident. *United States v. Tan*, 254 F.3d 1204, 1208 (10th Cir. 2001); *United States v. Becker*, 230 F.3d 1224, 1232 (10th Cir. 2000). Evidence of a prior state court conviction for failing to register as a sex offender is evidence of a defendant's knowledge for purposes of proving a violation of 18 U.S.C. § 2250. *United States v. Hinkley*, 550 F.3d 926, 938 (10th Cir. 2008).

The Court finds that evidence of Defendant's prior conviction for failure to register in 2003 is admissible for the purpose of showing Defendant's knowledge of the law that he was required to update his registration upon change of address. The evidence is relevant to his state of mind and while it is inherently somewhat prejudicial, the danger of unfair prejudice from admitting this evidence does not outweigh its probative value. Furthermore, a limiting instruction would be proper upon request of Defendant.

Defendant objects that a ruling should not be made until trial, because he may not argue the issue of knowledge at trial and should not be required to give away his trial strategy. Ruling on the government's motion does not require that Defendant give away his trial strategy. If Defendant wishes for his knowledge to not be at issue at trial, Defendant can stipulate to that element. Otherwise, the evidence of his prior conviction will be admitted. The United States' Motion in Limine to Admit Evidence Pursuant to Rule 404(b) (Doc. 20) is hereby GRANTED.

**SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE